**In re Anonymous No. 19 D.B. 79**

Disciplinary Board Docket no. 19 D.B. 79.

SCHIAVO, *Board Member,* February 21, 1980—

## I. STATEMENT OF THE CHARGES

A petition for discipline was filed by petitioner against respondent alleging violations of D.R. 1-102(A)(4), 1-102(A)(5), 1-102(A)(6) and 9-102(A).

## II. HISTORY OF THE PROCEEDINGS

An answer was filed by respondent to said petition for discipline joining the issues for presentation to the duly appointed hearing committee [   ] which held a hearing and recommended public censure by the Supreme Court without probation as the appropriate type of discipline for respondent. Respondent then filed exceptions to the report and recommendation of the hearing committee. These exceptions are opposed by petitioner.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

The said recommendation of the hearing committee was unanimous that respondent be publicly censured by the Supreme Court without probation. The hearing committee's examination of the case was extremely extensive, exploring every facet of respondent's conduct, the subject of these proceedings. Respondent did admit most of the material allegations in the petition for discipline and was straightforward and honest in his responses hereunder.

## IV. FINDINGS OF FACT

1. Respondent did improperly commingle certain funds relative to the two checks drawn to the order of Ms. [A], one in the amount of $75 and the other in the amount of $76.71, but there was no improper use of any true escrow funds.

2. Respondent prepared and filed a false and fraudulent complaint in divorce relative to himself in order to give Ms. [A], with whom he was then

carrying on a meretricious relationship, the impression that he was terminating his own marriage in deference to her while he never intended to prosecute said divorce action.

## V. CONCLUSIONS OF LAW

1. Respondent violated D.R. 1-102(A)(4) which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

2. Respondent violated D.R. 1-102(A)(5) which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice.

## VI. PRIOR RECORD

There is no indication that respondent has any prior record of discipline.

## VII. DISCUSSION

Every violation of the canons of professional ethics or Disciplinary Rules is serious; however, there are gradations of seriousness contemplated by the various forms of discipline which are built into our disciplinary system.

How a member of the bar conducts his personal life is not immune from the processes of the disciplinary system as based upon the Disciplinary Rules. Yet, what he or she does, to what extremes he or she goes and what people in what capacities he or she affects in this process are all facts to be considered in first determining if there has been a violation of a Disciplinary Rule and, if so, what the appropriate form of discipline should be.

In the present case respondent did file a false and

fraudulent divorce complaint and thus did abuse the law and the legal system in an abortive attempt to deliver himself from the throes of a painful meretricious relationship; however, neither the person nor the property of any clients was at stake.

Such violations of the Disciplinary Rules have been determined to be properly disciplined through private reprimand particularly where, as here, the respondent has allowed personal weakness or lack of control rather than cool and callous deliberation to direct his actions: In re Anonymous No. 13 D.B. 76, 5 D. & C. 3d 210 (1977); In re Anonymous No. 20 D.B. 76, 4 D. & C. 3d 758 (1977).

In light of the foregoing, the board had some difficulty finding respondent's conduct in violation of D.R. 1-102(A)(4); nonetheless, the technical requirements for finding such violation were met. The board is impressed with respondent's truthfulness and his meeting the charges head-on in a non-evasive manner. This further convinces the board that respondent will not only be properly disciplined by that as indicated hereafter but also will be most beneficially impressed by the same.

## VIII. RECOMMENDATION

The board recommends that respondent receive a private reprimand as the appropriate discipline hereunder.

## DISSENTING OPINION

HAMMERMAN, *Member*, February 21, 1980— The recommendation of the hearing committee was unanimous that respondent be publicly censured by this honorable court, without probation.

The majority states that the examination of this case by the hearing committee was extremely extensive on the charges which were the subject of these proceedings. The majority also submits that respondent did admit most of the material allegations in the petition for discipline. The majority, however, feels that to publicly censure this lawyer, whose marital situation has been satisfactorily resolved, would unnecessarily exacerbate his personal life at this time. The majority, therefore, recommends private reprimand before the board.

I feel that the preparation and filing of a false and fraudulent complaint in divorce, in which respondent was plaintiff against his wife, in a county in which he knew she was not residing, in order to propitiate the complainant, Ms. [A], was of serious consequence. In addition, respondent used his position as a lawyer to persuade a notary public to notarize the complaint, which was not completely filled in, in order to conceal his criminal act. Because of his involvement of an innocent party who relied on his office as a lawyer, I believe he merits public censure. See In re Anonymous No. 5 D.B. 76, 10 D. & C. 3d 16 (1978).

I, therefore, respectfully submit that I cannot endorse the majority conclusion that such abuse of the law by any attorney merits any lesser discipline than public censure.

Messrs. Harrington and Henry concur.

## ORDER

HENRY, *Chairman,* And now, January 18, 1980, the recommendation of hearing committee [ ] dated November 5, 1979, is rejected; and it is or-

784.

dered and decreed, that the said respondent of [   ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Rule 204(5) of the Pennsylvania Rules of Disciplinary Enforcement at the next session of this board.